Davies vs. Jeffris and another.

DAVIES, Respondent, vs. JEFFRIS and another, Appellants.

*November 2 — November 16, 1900.*

*Logs and timber: Wrongful cutting: Quantity: Difference between full and merchantable scales: Judicial notice: Findings: Review on appeal: " Price."*

1. The fact that a merchantable scale of pine timber, even of such as is practically all sound, is considerably less than the full scale, not being a matter of common knowledge, the courts cannot take judicial notice thereof.

2. In an action for the wrongful cutting of pine timber the preponderance of the evidence being to the effect that no deduction from the full scale was necessary to arrive at the merchantable scale, a finding as to the quantity for which defendants were liable, making little or no deduction for the difference between such scales, is sustained.

3. In such a case plaintiff's witnesses fixed the value of the timber cut at from $3.50 to $5 per thousand, and defendant's witnesses estimated its value at from $1 to $2 per thousand. *Held* that, the difference in the estimates not being explainable on the theory of a mere difference in judgment, a finding fixing the value at $4 per thousand would not be disturbed.

4. Because of his superior advantages for accurately weighing evidence and discovering the truth, the conclusions of the trial judge on questions of fact should not be disturbed on appeal unless manifestly wrong.

5. The term "price," used by witnesses testifying in respect to timber unlawfully cut, is *held* to have been used in the sense of "market value."

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Affirmed.*

Action to recover damages for trespass upon real estate. The cause was tried by the court. The findings of fact on disputed questions are substantially as follows: In the months of January and February, 1894, defendants cut and removed from plaintiff's lands 371,440 feet, board measure, of pine timber, of the full value of $1,485.76. Such cutting and removal of the timber were by mistake of title, defend- ·ants honestly believing that such title was in the defendant *David K. Jeffris.* In the winter of 1894–95, defendants wil- fully cut and removed from plaintiff's land tamarack, hem- lock, birch, basswood, and cedar timber, and converted the same into manufactured products, which, while in the pos- session of defendants, were of the value of $886.49. All of such cutting and removal of timber from plaintiff's lands was without his permission.

For the appellants there was a brief by *Flett & Porter,* and oral argument by *W. H. Flett.*

For the respondent there was a brief by *Curtis, Reid, Smith & Curtis,* and oral argument by *F. J. Smith.*

MARSHALL, J.   Three questions are presented for consid- eration on this appeal: (1) Is the finding as to the amount of pine timber cut from plaintiff's land excessive? (2) Is the finding as to the value of such timber excessive? (3) Is the finding that defendants cut from the lands timber other than pine timber supported by the evidence? All are ques- tions of fact, and under the settled rule they must remain as determined by the trial court unless the evidence pre- sented by the record shows that such determination is con- trary to the clear preponderance of the evidence.

On the question of the amount of pine timber there is evidence of three estimates, made after the timber was cut and removed, by persons competent to do such work, two

of such estimates being considerably in excess of the amount of the trespass as found by the court. There is evidence that the estimates were made on the basis of a full scale and that some deductions therefrom were necessary in order to arrive at a proper amount for the application of the market value of the timber standing, and so obtain the true measure of plaintiff's damages. There is considerable evidence that some deductions were made from the full scale, and all that were necessary considering the character of the timber. There is evidence that a trespass other than that committed by defendants was included in the estimates, and conflicting evidence as to the amount thereof; also evidence that some of such additional trespass was on territory not covered by the estimates. Looking at all such evidence, the finding was made fixing the trespass for which defendants are liable at about 22,000 feet less than the highest amount testified to by any of the estimators, and about 17,000 feet less than the estimate made by another witness. The most unsatisfactory thing about it is that no deduction, to speak of, was made, to allow for the difference beween a full and a sound and merchantable scale; but the difficulty in that regard disappears when one reflects that the necessity for such deduction, though well known to those who have had much to do with such business, is not a matter of common knowledge. The trial court could not take judicial notice of the fact that the merchantable scale of pine timber, even of the superior character which some of the witnesses testified the timber in question was, is considerably less than the full scale thereof. The fact in that regard called for evidence, and on the evidence produced we cannot say the decision is contrary to the clear weight thereof, however much knowledge not possessed by persons generally may satisfy us that the fact is otherwise. The difficulty is not with the finding, but with the evidence. The evidence on the part of respondent is all one way, to the effect that the timber was

practically all sound, and that no deduction from a full scale was necessary to arrive at the merchantable scale. Two experienced woodmen testified to that, while one testified on the part of the appellants that a deduction from the full scale, of fifteen per cent., was necessary to arrive at the correct amount of lumber the timber would produce. The preponderance of the evidence, as we find it in the record, singular as it may seem to a person of experience in the measurement of logs by the scale rule, is to the effect that the timber in question would stand a full scale without injustice to a purchaser thereof buying the same on the basis of the amount of lumber that could be made from the same.

On the question of the value of the standing timber, two witnesses fixed the amount at $4 to $5 per thousand feet, board measure, one at $4, two at $3.50 to $4, and one at $3. One of the defendants put the value at $1.25 to $1.50 per thousand, and said that he purchased similar timber on that basis in 1896, and in 1895 was offered similar timber by defendant *D. K. Jeffris* for $2 per thousand. Another witness fixed the value of the timber at $1 per thousand, two others at $1.50 to $1.75, and still another at $2.

Counsel for appellants criticise the testimony of some of the witnesses who put the value of the timber at $4 per thousand feet and upwards, in that they did not testify to market value, the legal measure of damages. The claim of counsel in that regard is considered hypercritical. The witnesses used the term "price" instead of the term "market value," but it is perfectly evident they referred to what the timber would have sold for in the market at the time of the trespass, that is, to the market value of the timber.

True, there is some reason for saying that the evidence contained in the record preponderates in favor of a somewhat lower value for the timber than that fixed by the trial court, but there is no such clear and decided preponderance of the evidence that way as is necessary to justify this court

Davies vs. Jeffris and another.

in saying that the trial court did not weigh the evidence properly and come to a correct conclusion. As has often been said, the opportunity which the trial judge possesses for accurately weighing evidence is so superior to that possessed by an appellate court that his conclusions on questions of fact must necessarily be given sufficient consideration to preclude their being disturbed by a subsequent judicial examination of the record of the trial on appeal, unless such conclusions appear thereby so manifestly wrong as not to be accounted for by the advantages for discovering the truth that cannot be carried into the written history of the trial and presented to the reviewing court. It is easy to understand how the trial judge, who observes a witness while testifying, may in some cases come to the conclusion that his testimony is false and reject it entirely, and base such conclusion upon an adequate cause, though such cause do not appear upon the record. The testimony of a witness may appear fair in the written history of a trial, yet be given in such a way as to clearly evidence to the trial judge that it is not entitled to much if any weight in the case. Here we have evidence that the timber was worth $1 per thousand feet in the market, and also evidence that it was worth $4 to $4.50 per thousand feet. Such a difference in price is not explainable upon the theory of a mere difference in judgment. The evidence upon the one side or the other was manifestly false. The trial court came to that conclusion and gave no credit to the evidence as to the very low valuation of the timber indicated. He was no doubt greatly aided in reaching that conclusion by the manner of the witnesses on the stand and by other unrecordable aids to eliciting the truth.

We will not take time to discuss the third assignment of error mentioned, by referring at length to the evidence. There is no need for incumbering the opinion by a discussion of the evidence in such a case. Suffice it to say that all

the evidence has been read and studied with care, and that no clear preponderance thereof against the decision of the trial court, as to any of the findings of fact challenged by appellants, has been discovered.

*By the Court.*— The judgment of the circuit court is affirmed.

CASSODAY, C. J., took no part.